IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA LOPEZ, | Case No. 1:09-cv-02174-LJO-JLT |
| Plaintiff, | ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| vs. | (Doc 16) |
| MARTHA JOHNSON and RENEE RICHARDSON, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On January 6, 2010, plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 1). On April 26, 2010, the Court required Plaintiff to submit a new application to proceed *in forma pauperis* to provide more complete information. (Doc. 14). On May 13, 2010, Plaintiff filed a new application. (Doc. 16).

**I.      IFP Motion**

In her new IFP motion, Plaintiff reports that she is newly employed for 6.5 hours per day at the Farmer's Market in Bakersfield and is paid $10.00 an hour. (Doc. 16 at 1). Assuming she works a five-day week Plaintiff makes approximately $325.00 a week. Plaintiff states that she supports two minor children. (Id. at 2). She further states she has no other cash, savings or

assets. (Id.) Based on this submission, the Court finds that Plaintiff is unable to pay the costs of commencing this action. Accordingly, Plaintiff's IFP motion is granted.

**II.    Complaint**

    A.    Screening

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

        1.    Section 1983 complaint

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983,[1] which provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . .

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the

---

[1] Plaintiff also seeks declaratory and injunctive relief citing 28 U.S.C. §§ 2201 and 2202 and § 1983. (Doc. 1 at 1, 4).

plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371 (1976)).

      2. Rule 8(a)

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). In Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, (2009), the Court observed,

> [T]he pleading standard Rule 8 announces does not require "detailed factual

    allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Citations]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Citation]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." [Citation].

The Court further clarified that,

    a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. The Court instructed, "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950. However, the conclusions contained in the pleading "are not entitled to the assumption of truth." Id.

    B.    <u>Analysis</u>

        1.    <u>Summary of the Allegations</u>

Plaintiff seeks to impose liability on defendants Martha Johnson and Renee Richardson of the Kern County Housing Authority pursuant to 42 U.S.C. § 1983 for allegedly violating her procedural due process rights under the Thirteenth and Fourteenth Amendments. Specifically, she alleges that on July 14, 2009, she received a letter from Richardson informing her that her "federal Section 8 housing assistance voucher had been terminated" based upon information she provided Richardson during an interview as part of an "annual recertification" process. (See Doc. 1 at 2).

Plaintiff states she then requested an "informal termination hearing" challenging the decision to terminate her housing assistance subsidy. (Doc. 1 at 2). Plaintiff states she made discovery requests including requesting a "verbatim recording of the 45 minutes (Annual Recertification Appointment)" between herself and Defendant Richardson which she states formed the basis for the denial of recertification for benefits. (Id.)

Plaintiff alleges that a hearing was held on November 5, 2009, at which she "articulated several affirmative defenses to the charging allegations . . . namely; plaintiff failed to provide information of family income." (Doc. 1 at 2). Although not clear, Plaintiff appears to contend that her housing assistance benefits were terminated in part because "her son was two-thousand miles away at Fort Leavenworth, Kansas and was not actually living in the home during all relevant times." (Id. at 3). Plaintiff does not explain why this fact was relevant to the denial of recertification or why, if true, the determination to refuse to recertify her benefits constituted a denial of federal rights.

Plaintiff states further that she was represented at the hearing "by a friend" who was restricted from "cross-examining" Richardson concerning the substance of the interview which led to the denial of recertification for benefits. (Doc. 1 at 3). In addition, Plaintiff contends that "a pile of papers" related to her discovery requests was presented to her only five minutes prior to the hearing and that no recording or transcript of the interview between herself and Defendant Richardson was ever provided. (Id.) She does not state that this impacted her ability to defend herself in the hearing.

In sum, Plaintiff asserts that "defendants acts or omissions" resulting in the termination of her housing voucher and violated her procedural due process rights under the Fourteenth Amendment. (Doc. 1 at 3).

### 2. The Alleged Defendants

In the caption of her complaint, Plaintiff names "Martha Johnson and Renee Richardson, of Kern County Housing Authority" as defendants. (Doc. 1 at 1).

#### a. Plaintiff has failed to state a cause of action against Martha Johnson

Plaintiff identifies Martha Johnson as a defendant and described her as the "hearing officer" in Plaintiff's administrative hearing. (Doc. 1 at 2). Plaintiff has not indicated whether Johnson is being sued in her individual or official capacity or both.

Despite Plaintiff's claims of liability as to Johnson, hearing officers in quasi-judicial

proceedings are entitled to absolute immunity for any conduct related to the adjudication of a claim such as Plaintiff's.  See Byers v. Anderson, Inc., 508 U.S. 429, 435-36 (1993) ("the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights'"); Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) ("The Supreme Court has long recognized that officials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion.") Therefore, even if Johnson wrongfully prevented Plaintiff from cross-examining Richardson, liability may not be imposed on her.  Moreover, any other claim against Johnson for her conduct related to her role as a hearing officer must fail.  However, plaintiff is granted leave to amend her complaint to raise any non-quasi-judicial actions taken by Johnson that Plaintiff contends violated her rights that are protected by federal law.

     b.  Plaintiff' claim with respect to Defendant Renee Richardson is vague

  Likewise, Plaintiff's §1983 claim against Defendant Richardson is vague.  Plaintiff alleges that Richardson interviewed her regarding her Section 8 recertification, testified at Plaintiff's administrative hearing and informed her that her recertification had been denied based upon information provided during the interview.  However, Plaintiff fails to identify the specific actions taken by Richardson that constituted a violation of her constitutional rights.  Rather, Plaintiff's chief complaint appears to be that she was not afforded procedural due process in the administrative hearing which resulted in the denial of recertification for Section 8 benefits.  Specifically, she alleges that she was not provided relevant documents until minutes before the hearing and that she was prevented from fully cross-examining Defendant Richardson during that proceeding.  (See Doc. 1 at 3).  However, how this allegation is connected to Richardson is not clear.

  Due Process requires that a Section 8 applicant be permitted to request an informal hearing if denied eligibility to participate in the program and to make an oral presentation at the hearing.  See Davis v. Mansfield Metropolitan Housing Authority, 751 F.2d 180, 185 (6th Cir.

1   1984).  The discretion to terminate Section 8 assistance is defined and limited by federal
2   regulations.  Ellis v. Ritchie, 803 F.Supp. 1097, 1100 (E.D. Va. 1992) (citing 24 C.F.R. §
3   882.210).  In particular, the Agency regulations require that an applicant be permitted to examine
4   any relevant documents before the hearing, to present evidence at the hearing and to question
5   witnesses at the hearing.  See 24 C.F.R. § 982.555(e)(2)(i), (5).

6         The scope of review by a federal court of a challenge to the denial of Section 8 eligibility
7   is governed by the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq*.  Ellis, 803
8   F.Supp. at 1100 (holding that 5 U.S.C. § 706(2)(D) "sets forth the standard of review that applies
9   to determining the adequacy of the procedures followed in reaching an administrative decision.")
10  To state a claim, Plaintiff must show that the decision to deny recertification was "arbitrary,
11  capricious, an abuse of discretion or otherwise not in accordance with the law."  Ellis, 803
12  F.Supp. at 1100.  Evaluation of whether an agency properly terminated Section 8 benefits
13  involves a two-pronged analysis.  First, the Court must determine whether the agency's decision
14  "was based on a consideration of the relevant factors and whether there has been a clear error of
15  judgment."  Id.  Next, the Court must determine, upon examination of the administrative record,
16  whether the agency's action exceeded the scope of its statutory authority and was, thus, not in
17  accordance with the law.  Id. at 1101.

18        Although Plaintiff's claims that she was not allowed meaningful access to relevant
19  documents prior to the hearing or to fully question Defendant Richardson at the hearing may state
20  a cognizable claim under the APA challenging "the procedures followed in reaching an
21  administrative decision," see Ellis, 803 F.Supp. at 1100, neither action was taken by Defendant
22  Richardson.

23        Importantly, Plaintiff acknowledges that the decision to deny recertification was based
24  upon Plaintiff's "failure to provide information of family income" and does not deny that she
25  failed to do so.  (Doc. 1 at 3).  Notably, in Ellis, the Court observed that the recertification
26  process under Section 8 requires a participant to submit information and documentation relating
27  to the nature and amount of family assets, as well as family size and composition, and that the

regulations provide that failure to comply "may include termination of the participant's eligibility for rental assistance benefits." Ellis, 803 F.Supp. at 1099 (citing 24 C.F.R. § 813.109, § 882.210 *et seq.*)

Finally, Plaintiff alleges that her representative was able to "[articulate] several affirmative defenses" challenging the basis for the Kern County Housing Authority's denial of recertification. (Id.) However, she provides no factual basis upon which the Court can rely to conclude that these defenses demonstrated that the decision to refuse to recertify her benefits was arbitrary or capricious. However, Plaintiff will be granted leave to file an amended complaint to address these deficiencies, if she can.

### 3. Claims under the Thirteenth Amendment

The Thirteenth Amendment to the United States Constitution reads, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." Involuntary servitude requires compulsion of services by the use or threatened use of physical or legal coercion. See United States v. Kozminski, 487 U.S. 931, 953 (1988).

Plaintiff makes no factual allegations in her complaint that would support a claim under the Thirteenth Amendment. Therefore, this claim will be dismissed.

### 4. Reference in the Complaint to Michael J. Jones

Inexplicably, Plaintiff's complaint begins with the phrase "COMES NOW Plaintiff MICHAEL J. JONES and for its cause of action states; . . ." (See Doc. 1 at 1). Michael J. Jones is not listed as a plaintiff in this action and the body of the complaint fails to describe how he is a relevant party, if he is. Unless Jones intends to join this lawsuit as an interested plaintiff, any amended complaint shall delete this reference to him.

**III. Conclusion**

In summary, the Court must dismiss Plaintiff's complaint as to all defendants for failure to state a claim. The Court will grant Plaintiff an opportunity to amend the complaint to address the deficiencies recounted in the body of this order. In her amended complaint, Plaintiff must

describe the specific unlawful actions taken by each defendant and describe how these actions constituted a denial due process or otherwise was contrary to federal law. In addition, she must state whether each defendant is sued in their individual or official capacity or both.

Plaintiff is informed that the Court cannot refer to a prior pleading and that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is GRANTED;

2. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND; and

4. Plaintiff is GRANTED twenty days from the date of service of this order to file an amended complaint. The amended complaint must reference the docket number assigned to this case and must be labeled "First Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **May 20, 2010**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE