IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA LOPEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>MARTHA JOHNSON and RENEE RICHARDSON,<br><br>          Defendants.<br>_____ | Case No. 1:09-cv-02174-LJO-JLT<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br>(Document 16)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983.  On May 20, 2010, the Court granted Plaintiff's new IFP application but dismissed her complaint with leave amend.  (Doc. 17).  On June 15, 2010, Plaintiff filed a First Amended Complaint.  (Doc. 18).

**I. Complaint**

    A.    Screening

The Court is required to review a case filed *in forma pauperis*.  28 U.S.C. §1915A(a); 28 U.S.C. 1915(e).  The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809

F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

  1. Section 1983 complaint

  Plaintiff's complaint seeks damages under 42 U.S.C. § 1983. To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th Cir. 1989).  To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights.  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).  "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]."  Id.  There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371 (1976)).

  To state a claim against a governmental agency, the pleading must demonstrate that the a custom or policy of the entity caused the violation of Plaintiff's federally protected  rights. Monell, 436 U.S. at 694.  A plaintiff seeking to establish municipal liability under § 1983 may do so in one of three ways: 1) the plaintiff may demonstrate that a municipal employee committed the alleged constitutional violation "pursuant to a formal governmental policy or longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;" 2) the plaintiff may demonstrate that the person who committed the constitutional violation "was an official with final policy-making authority and that the challenged action itself thus  constituted an act of official government policy;" or 3) the plaintiff may demonstrate that

"an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996).

### 2. Rule 8(a)

The Federal Rules of Civil Procedure adopt a flexible pleading policy.  Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly.  Jones v. Community Redevelopment Agency,  733 F.2d 646, 649 (9th Cir. 1984).  In other words,  the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Although a complaint need not outline all of the elements of a claim, it must be possible to infer from the allegations that all of the elements exist and that the plaintiff is entitled to relief under a viable legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990).  Conclusory allegations that are unsupported by facts are insufficient to state a claim under § 1983.  Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

### B. Analysis

#### 1. Summary of the Allegations

Plaintiff seeks to impose liability on defendants Martha Johnson and Renee Richardson of the Kern County Housing Authority pursuant to 42 U.S.C. § 1983 for violating her procedural due process rights under the Thirteenth and Fourteenth Amendments.  Specifically, she alleges that she received a letter from "defendants" informing her "that they made a pre-termination decision as to eligibility to her Section 8 housing voucher." (See Doc. 18 at 2).  She asserts that the letter stated that these benefits were being terminated because she failed to "accurately report income of all household members as required by regulations."  (Id.)

Plaintiff alleges that she requested an informal hearing to challenge the decision to terminate her housing assistance subsidy and contends that the regulations "entitled her to appoint a 'representative' to represent her at the scheduled hearing." (Doc. 18 at 2).  She states that prior to the hearing her representative requested that defendants provide "'a verbatim recording of the 45 minute' (Annual Recertification Appointment)" but contends that they

nevertheless "failed and refused to provide plaintiff or her representative . . . the above requested transcripts before the hearing." (Id.) She further contends that, in addition to the transcripts, none of "the information relied upon by the agency" in terminating her Section 8 benefits was given to her until "[a]pproximately five-minutes before the hearing [when] defendant RENEE RICHARDSON 'shoved a pile of papers' in plaintiff's representative's hand and said 'here are responses to the discovery request you have filed." (Id.)

In addition, Plaintiff asserts that at the administrative hearing, her representative "attempted to explore the area of the actual conversational exchange between plaintiff and defendant RENEE RICHARDSON by way of cross-examination" but after "only 5 minutes of cross-examination of defendant RENEE RICHARDSON, defendant . . . Martha [Johnson] halted the hearing and stated 'I know that Ms. Richardson asked [Plaintiff] . . . the correct questions during the pre-termination interview because I trained her myself.'" (Doc. 18 at 2). Plaintiff contends that by failing to provide her the requested discovery until minutes before the start of the hearing and by hindering her cross-examination of defendant Richardson, she was denied due process under the law and the Constitution. (See id. at 2, 3).

### 2. The Alleged Defendants

In the caption of her complaint, Plaintiff names as defendants "Martha Johnson and Renee Richardson, of Kern County Housing Authority" in their individual and official capacities. (Doc. 18 at 1).

### 3. Plaintiff has failed to state a cause of action against Martha Johnson

In her amended complaint, Plaintiff again complains about the acts of defendant Johnson in her role as the hearing office despite the Court's earlier determination that Johnson is entitled to immunity for these acts. (See Doc. 17 at 5-6) See Byers v. Anderson, Inc., 508 U.S. 429, 435-36 (1993) ("the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights"); Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) ("The Supreme Court has long recognized that officials in administrative hearings can claim the absolute immunity that flows to

judicial officers if they are acting in a quasi-judicial fashion.").

Nevertheless, without explanation Plaintiff cites three cases. (See Doc. 18 at 1). None undermine the Court's determination that Johnson is entitled to absolute quasi-judicial immunity. In addition to the authority cited in the Court's prior order, another case, Perry v. City of Milwaukee Housing Authority, 2007 WL 1168733 (E.D. Wis., April 18, 2007), is directly on point and reinforces the Court's determination. In Perry, the plaintiff brought a § 1983 action challenging a decision by a local housing agency to deny him Section 8 housing benefits and named, among others, the hearing examiner at his administrative hearing as a defendant. Id. at *2. The court determined that because the hearing officer "presided over the informal hearing . . . . questioned [the plaintiff] regarding his position on the denial of his application, and authored a written decision upholding the denial of [his] application for admission to the rent assistance program. . . . [she] was acting in a quasi-judicial capacity and as such, she is entitled to absolute quasi-judicial immunity." Id. at *5.

The facts as alleged in the amended complaint indicate that Defendant Johnson, like the defendant hearing officer in Perry, is being sued based entirely upon her conduct as presiding officer at the informal hearing. As such, she is entitled to absolute immunity from suit.

### 4. Plaintiff' claim with respect to Defendant Renee Richardson is vague

In its previous order on the original complaint, the Court found Plaintiff's claims against Defendant Richardson in her individual capacity to be vague. (Doc. 17 at 6). In her amended complaint, Plaintiff now contends that it was Richardson who "shoved a pile of papers in [her] representative's hand" minutes before the hearing and who identified the papers as the discovery documents relevant to her case. (See Doc. 18 at 2). Although, not entirely clear, reading the amended complaint liberally, it appears Plaintiff is alleging that Defendant Richardson participated directly in effectively denying Plaintiff meaningful discovery prior to the hearing.

Due Process requires that a Section 8 applicant be permitted to request an informal hearing if denied eligibility to participate in the program, including the right to make an oral presentation. See Davis v. Mansfield Metropolitan Housing Authority, 751 F.2d 180, 185 (6th

Cir. 1984). The Housing Authority's discretion to terminate Section 8 assistance is further defined and limited by federal regulations. Ellis v. Ritchie, 803 F.Supp. 1097, 1100 (E.D. Va. 1992) (citing 24 C.F.R. § 882.210). In particular, with respect to the process afforded an applicant at an informal hearing challenging the termination or denial of Section 8 benefits, Agency regulations provide, *inter alia*, that a family be permitted the right to examine any relevant documents prior to the hearing and also have the right to present evidence and question any witnesses at a hearing. See 24 C.F.R. § 982.555(e)(2)(i), (5); see also 42 U.S.C. § 1437d(k). Thus, Plaintiff has stated a claim against Defendant Richardson.

### 5. Official Capacity Defendants

As noted, to the extent Plaintiff attempts to assert that she was denied procedural due process at her informal administrative hearing, in contravention of applicable law and regulations, she may state a viable constitutional claim. See Hunter v. Underwood, 362 U.S. 468, 477 (8th Cir. 2004) ("Section 1983 is the proper means by which a public housing tenant may challenge the action of a state housing agency that violates the United States Housing Act."); Saxton v. Housing Authority of City of Tacoma, 1 F.3d 881, 883-84 (9th Cir. 1993) (noting that § 1983 is proper vehicle for raising a procedural due process claim against a housing authority). In both Hunter and Saxton, the local housing authority or its administrator in his official capacity was named as the proper defendant. The Court notes that to the extent Plaintiff names defendants Johnson and Richardson in their official capacities, she is, in effect, naming the public entity, in this case the Kern County Housing Authority. Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). If she desires to raise a procedural due process claim alleging her federal rights were violated when she was denied the opportunity for meaningful discovery and cross-examination as provided by law, she must clearly present this claim against the proper defendant and must provide allegations that would given rise to a credible claim of governmental liability. Trevino v. Gates, 99 F.3d at 918. Because it appears that Plaintiff may state a cause of action against the Kern County Housing Authority for due process violations, leave to amend is granted.

## II.  **Conclusion**

In summary, the Court must dismiss Plaintiff's complaint as to defendant Johnson and the Kern County Housing Authority for failure to state a claim. The Court will grant Plaintiff an opportunity to file a Second Amended Complaint to address the deficiencies recounted in the body of this order. If she wishes to name the Kern County Housing Authority, she must make factual allegations that satisfy the pleading requirements against this governmental agency. Trevino v. Gates, 99 F.3d at 918. Likewise, if she wishes to name Johnson, *it must be* based upon wrongful acts by Johnson that are *unrelated* to her role as the hearing officer.

Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Alternatively, if Plaintiff does not wish to amend the complaint or she cannot state causes of action against defendant Johnson or the Kern County Housing Authority, she may proceed on the First Amended Complaint against only defendant Richardson in her individual capacity. However, Plaintiff is advised that if she chooses not to file a Second Amended Complaint, all of the damages sought in the First Amended Complaint, namely the request to reinstate her housing benefits, may not be available to her.

If Plaintiff fails to file a Second Amended Complaint within the time frame set forth below, the Court will presume that she has chosen to proceed on the First Amended Complaint and will recommend dismissal of defendants Johnson and the Kern County Housing Authority without leave to amend.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's First Amended Complaint as to all defendants except defendant

1  Richardson, is DISMISSED WITH LEAVE TO AMEND;

2        2.     Plaintiff is GRANTED twenty days from the date of service of this order to file a
3  Second Amended Complaint. The Second Amended Complaint must reference the assigned case
4  number and must be labeled "Second Amended Complaint."

5        3.     If Plaintiff fails to file a Second Amended Complaint within the time frame set
6  forth above, the Court will presume that she has elected to proceed on the First Amended
7  Complaint as to defendant Richardson, in her individual capacity, only.  In this event, the Court
8  will recommend dismissal of defendants Johnson and the Kern County Housing Authority
9  without leave to amend.

11  IT IS SO ORDERED.

12  Dated:   **June 21, 2010**                                        **/s/ Jennifer L. Thurston**
                                                                      UNITED STATES MAGISTRATE JUDGE