IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SOPHIA LOPEZ, | ) | Case No. 1:09-cv-02174-LJO-JLT |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION DISMISSING THE MATTER AS TO |
| vs. | ) ) | DEFENDANT JOHNSON |
| MARTHA JOHNSON and RENEE RICHARDSON, | ) ) ) | (Doc. 18) |
| Defendants. | ) ) | |
| _____ | ) | |

Plaintiff is proceeding with a civil rights action pursuant to 42 U.S.C. § 1983. On May 20, 2010, the Court granted Plaintiff's IFP application but dismissed her complaint with leave amend. (Doc. 17). On June 15, 2010, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 18).

On June 21, 2010, the Court issued an order that found that the FAC stated a claim against defendant Richardson but did not state a claim against defendant Johnson.[1] (Doc. 19)

---

[1] The Court found also that the FAC did not state a claim against the Kern County Housing Authority. However, the Court reconsiders that determination here. As noted, to the extent Plaintiff attempts to assert that she was denied procedural due process at her informal administrative hearing in contravention of applicable law and regulations, she states a viable claim. See Hunter v. Underwood, 362 U.S. 468, 477 (8th Cir. 2004) ("Section 1983 is the proper means by which a public housing tenant may challenge the action of a state housing agency that violates the United States Housing Act."); Saxton v. Housing Authority of City of Tacoma, 1 F.3d 881, 883-84 (9th Cir. 1993) (noting that § 1983 is proper vehicle for raising a procedural due process claim against a housing authority). The Court notes that to the

The Court granted Plaintiff 20 days leave to amend. Id. Alternatively, the Court permitted Plaintiff choose to not file an amended pleading if she decided that she could not state a cause of action against Johnson or if she decided not to pursue this defendant. Id. The order advised, "If Plaintiff fails to file a Second Amended Complaint within the time frame set forth below, the Court will presume that she has chosen to proceed on the First Amended Complaint and will recommend dismissal of defendants Johnson and the Kern County Housing Authority without leave to amend." Id. Plaintiff has not filed an amended complaint. As a result, the Court concludes that Plaintiff has chosen to proceed without defendant Johnson in the case. Thus, the Court recommends that defendant Johnson be dismissed from the FAC without leave to amend.

**I. Complaint**

A.    Screening

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. §1915A(a); 28 U.S.C. 1915(e). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B); see Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987 (citing Franklin v. Murphy, 745 F. 2d 1221, 1228 (9th Cir. 1984)). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-1128 (9th Cir. 2000) (en banc).

1. Section 1983 complaint

Plaintiff's complaint seeks damages under 42 U.S.C. § 1983. To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F. 2d 1145, 1147 (9th

---

extent Plaintiff names defendants Johnson and Richardson in their official capacities, she is, in effect, naming the Kern County Housing Authority. Kentucky v. Graham, 473 U.S. 159, 165-166 (1985). Because Richardson remains in this action in her individual and official capacities, the Court finds that the Kern County Housing Authority is a proper defendant in this matter and that Plaintiff has stated a cognizable claim against the entity.

Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 691-692 (1978)(citing Rizzo v. Goode, 432 U.S. 362, 370-371 (1976)).

  B. Analysis

    1. Summary of the Allegations

Plaintiff seeks to impose liability on defendants Martha Johnson and Renee Richardson of the Kern County Housing Authority pursuant to 42 U.S.C. § 1983 for violating her procedural due process rights under the Fourteenth Amendment. Specifically, she alleges that she received a letter from "defendants" informing her "that they made a pre-termination decision as to eligibility to her Section 8 housing voucher." (See Doc. 18 at 2). She asserts that the letter stated that these benefits were being terminated because she failed to "accurately report income of all household members as required by regulations." (Id.)

Plaintiff alleges that she requested an informal hearing to challenge the decision to terminate her housing assistance subsidy and contends that the regulations "entitled her to appoint a 'representative' to represent her at the scheduled hearing." (Doc. 18 at 2). She states that prior to the hearing her representative requested that defendants provide "'a verbatim recording of the 45 minute' (Annual Recertification Appointment)" but contends that they nevertheless "failed and refused to provide plaintiff or her representative . . . the above requested transcripts before the hearing." (Id.) She further contends that, in addition to the transcripts, none of "the information relied upon by the agency" in terminating her Section 8 benefits was given to her until "[a]pproximately five-minutes before the hearing [when] defendant RENEE

RICHARDSON 'shoved a pile of papers' in plaintiff's representative's hand and said 'here are responses to the discovery request you have filed." (Id.)

In addition, Plaintiff asserts that at the administrative hearing, her representative "attempted to explore the area of the actual conversational exchange between plaintiff and defendant RENEE RICHARDSON by way of cross-examination" but after "only 5 minutes of cross-examination of defendant RENEE RICHARDSON, defendant . . . Martha [Johnson] halted the hearing and stated 'I know that Ms. Richardson asked [Plaintiff] . . . the correct questions during the pre-termination interview because I trained her myself.'" (Doc. 18 at 2). Plaintiff contends that by failing to provide her the requested discovery until minutes before the start of the hearing and by hindering her cross-examination of defendant Richardson, she was denied due process under the law and the Constitution. (See id. at 2, 3).

### 2. The Alleged Defendants

In the caption of her complaint, Plaintiff names as defendants "Martha Johnson and Renee Richardson, of Kern County Housing Authority" in their individual and official capacities. (Doc. 18 at 1).

### 3. Plaintiff has failed to state a cause of action against Martha Johnson

In her amended complaint, Plaintiff again complains about the acts of defendant Johnson in her role as the hearing office despite the Court's earlier determination that Johnson is entitled to immunity for these acts. (See Doc. 17 at 5-6) See Byers v. Anderson, Inc., 508 U.S. 429, 435-36 (1993) ("the 'touchstone' for the doctrine's applicability has been 'performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights'"); Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) ("The Supreme Court has long recognized that officials in administrative hearings can claim the absolute immunity that flows to judicial officers if they are acting in a quasi-judicial fashion.").

Nevertheless, without explanation Plaintiff cites three cases. (See Doc. 18 at 1). None undermine the Court's determination that Johnson is entitled to absolute quasi-judicial immunity. In addition to the authority cited in the Court's prior order, another case, Perry v. City of

Milwaukee Housing Authority, 2007 WL 1168733 (E.D. Wis., April 18, 2007), is directly on point and reinforces the Court's determination.  In Perry, the plaintiff brought a § 1983 action challenging a decision by a local housing agency to deny him Section 8 housing benefits and named, among others, the hearing examiner at his administrative hearing as a defendant. Id. at *2. The court determined that because the hearing officer "presided over the informal hearing . . . . questioned [the plaintiff] regarding his position on the denial of his application, and authored a written decision upholding the denial of [his] application for admission to the rent assistance program. . . . [she] was acting in a quasi-judicial capacity and as such, she is entitled to absolute quasi-judicial immunity." Id. at *5.

The facts as alleged in the amended complaint indicate that Defendant Johnson, like the defendant hearing officer in Perry, is being sued based entirely upon her conduct as presiding officer at the informal hearing.  As such, she is entitled to absolute immunity from suit.

**II.     Recommendation**

In summary, the Court recommends that Plaintiff's FAC be dismissed as to defendant Johnson based upon her absolute immunity.  The Court granted Plaintiff leave to amend but she has chosen to forego filing an amended complaint.  Accordingly, IT IS HEREBY RECOMMENDED that:

1.      The matter as to Defendant Johnson be **DISMISSED.**


IT IS SO ORDERED.

Dated:  **July 19, 2010**                                             /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE