IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA LOPEZ, | CASE NO. CV F 09-2174 LJO JLT |
| Plaintiff, | **ORDER ON DEFENDANT RICHARDSON'S F.R.Civ.P. 12 MOTION TO DISMISS** |
| vs. | |
| MARTHA JOHNSON, et al, | |
| Defendants. / | |

**INTRODUCTION**

Defendant Renee Richardson ("Ms. Richardson") seeks to dismiss as insufficiently pled pro se plaintiff Sophia Lopez' ("Ms. Lopez'") claims arising from termination of her housing assistance voucher under Section 8 of the Housing Act of 1937 ("Section 8"), 42 U.S.C. § 1437f. Ms. Lopez filed no papers to timely respond to dismissal of her claims. This Court considered Ms. Richardson's F.R.Civ.P. 12(b)(6) motion to dismiss on the record and VACATES the March 9, 2011 hearing, pursuant to Local Rule 230(c), (g). For the reasons discussed below, this Court DISMISSES this action.

**BACKGROUND**[1]

Ms. Richardson is a Kern County Housing Authority employee. The FAC also names as a

---

[1] The factual recitation is derived chiefly from the Ms. Lopez' First Amended Complaint ("FAC"), the target of Ms. Richardson's challenges.

1

defendant Martha Johnson ("Ms. Johnson"), an apparent Section 8 administrator or hearing officer.[2]

Ms. Lopez received written notice of pre-termination of her eligibility for a Section 8 housing assistance voucher on grounds that she failed to accurately report income of all household members. Ms. Lopez requested a hearing, and before the hearing, Ms. Lopez' representative requested a "verbatim recording of the 45 minute" Annual Recertification Appointment. An unidentified "Defendant" refused to provide Ms. Lopez or her representative requested transcripts prior to the hearing.

Five minutes prior to the hearing, Ms. Richardson "shoved a pile of papers" in the hand of Ms. Lopez' representative and said: "Here are responses to the discovery request you have filed." During Ms. Richardson's cross-examination, "Martha Richardson[3] halted the hearing and stated: 'I, know that Ms. Richardson asked Ms. Lopez and the correct questions during the pre-termination interview because I trained her myself.'"

## Ms. Lopez' Claims

The FAC alleges:

1. A (first) claim that "defendants [sic] acts or omission to act violated plaitiff's [sic] procedural due process rights embodied in Title 24 CFR Section 982.555 [("section 982.555")],"[4] including "a right to discovery and a right to know information relied upon by the agency supporting termination of Section 8 housing assistance voucher";

2. A (second) claim that section 982.555 "creates state 'liberty'" interest; and

3. Defendants violated Ms. Lopez' "constitutional rights to confront and cross-examination."

The FAC seeks reinstatement of Ms. Lopez' terminated housing assistance voucher and $15,000 compensatory damages.

///

---

[2] This Court's prior order dismissed Ms. Johnson from this action.

[3] This Court assumes that the FAC mistakenly refers to Ms. Johnson as "Martha Richardson."

[4] 24 C.F.R. § 982.555(a)(1) requires "an informal hearing" to address decisions regarding "determination of the family's annual or adjusted income, and the use of such income to compute the housing assistance payment."

2

# DISCUSSION

## F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards

Ms. Richardson challenges the FAC's failure to allege "cognizable wrongdoing" on her part.

A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In resolving a F.R.Civ.P. 12(b)(6) motion, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court recently explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, __ U.S. __, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address a motion to dismiss:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, __ U.S. __, 129 S.Ct. at 1949-1950.

1    With these standards in mind, this Court turns to Ms. Richardson's challenges to Ms. Lopez'
2 claims.

### Failure To Satisfy F.R.Civ.P. 8

4    Ms. Richardson is unclear how and why Ms. Lopez sues her. Ms. Richardson notes that the
5 FAC's only clear "charging allegation" is that Ms. Richardson provided Ms. Lopez' representative with
6 responses to Ms. Lopez' discovery request five minutes before Ms. Lopez' hearing.

7    The FAC is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff
8 to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or
9 occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles*
10 *County*, 216 F.3d 837, 840 (9th Cir. 2000).

11    F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct." This requirement
12 "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)."
13 *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written
14 more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to
15 whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."
16 *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints . . . impose unfair burdens on litigants and
17 judges." *McHenry*, 84 F.3d at 1179.

18    Moreover, a pleading may not simply allege a wrong has been committed and demand relief.
19 The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the
20 "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475,
21 1481 (9th Cir. 1997). Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a
22 complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v.*
23 *Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some
24 degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733
25 F.2d at 649. A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual
26 enhancement.'" *Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct.
27 1955). The U.S. Supreme Court has explained:

28    While, for most types of cases, the Federal Rules eliminated the cumbersome

requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The FAC fails to satisfy F.R.Civ.P. 8. The FAC fails to distinguish alleged wrongdoing of Ms. Richardson and Ms. Johnson. The FAC makes generalized pronouncements that lack particularized factual detail. The FAC rests on a sprinkling of references to section 982.555, "right to discovery," "liberty interest," and violation of rights "to confront and cross-examination." The FAC lacks facts of Ms. Richardson's purported wrongdoing to provide fair notice as to what she must defend. The FAC lacks cognizable claims or legal theories upon which to support Ms. Richardson's liability. The FAC lacks specific, clearly defined allegations to give fair notice of claims plainly and succinctly to warrant dismissal of this action.

## 42 U.S.C. § 1983

Ms. Richardson further faults the FAC to the extent it attempts to allege claims pursuant to 42 U.S.C. § 1983 ("section 1983").

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988).

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 2694, n. 3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042 (1978) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S.Ct. 984, 996 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker,* 443 U.S. at 140, 99 S.Ct. 2689 (1979). Stated

differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271, 114 S.Ct. at 813. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker*, 443 U.S. at 146, 99 S.Ct. 2689.

Moreover, to warrant section 1983 relief, a plaintiff must allege and demonstrate that a defendant's act or omission caused deprivation of the plaintiff's constitutionally protected rights. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer*, 844 F.2d at 633. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff." *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691-692 (1978) (citing *Rizzo v. Goode*, 432 U.S. 362, 370-371 (1976)).

The FAC is unclear whether Ms. Richardson acted under color of law in that it merely indicates that Ms. Richardson and Ms. Johnson are "employees of the Kern County Housing Authority." The FAC fails to identify a specific constitutional right which Ms. Richardson allegedly infringed. Denial of a "verbatim recording" or hearing transcripts does not constitute a constitutional violation. The FAC lacks facts to support that Ms. Richardson engaged in constitutional deprivation in that her alleged wrongdoing is limited to providing discovery response five minutes prior to Ms. Lopez' hearing.

Ms. Richardson correctly notes the absence of allegations that she "controlled or had the ability to control the nature and extent of the hearing officer's conducting of the hearing." Moreover, an agency decision to deny her Section 8 benefits is reviewed under the standard of "arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law." *Ellis v. Ritchie*, 803 F.Supp. 1097, 1100 (E.D. Va. 1992) (quoting 5 U.S.C. § 706(2)(A)). The FAC alleges no facts to satisfy such standard. Nothing in the FAC links Ms. Richardson's alleged wrongs and a constitutional deprivation suffered by Ms. Lopez. The FAC lacks a viable section 1983 claim to warrant dismissal of this action.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action against Ms. Richardson;[5] and
2. DIRECTS the clerk to enter judgment in favor of defendant Renee Richardson and against plaintiff Sophia Lopez and to close this action.[6]

IT IS SO ORDERED.

Dated:   February 24, 2011         /s/ Lawrence J. O'Neill
                                   UNITED STATES DISTRICT JUDGE

---

[5] With dismissal of this action, this Court need not consider F.R.Civ.P. 12(e) motion for a more definite statement.

[6] The FAC named only Ms. Johnson and Ms. Richardson as defendants. As such, this Court construes the FAC to have abandoned claims against the Kern County Housing Authority.